JOURNAL ENTRY AND OPINION
{¶ 1} The Cincinnati Insurance Co. ("Cincinnati") appeals from an order of Judge Carolyn Friedland that granted summary judgment to Kevin and Deborah Blazetic on their claims for underinsured motorist coverage under a policy it issued to their employer. We reverse and remand
 {¶ 2} From the record we glean the following: On January 5, 2000, Mrs. Blazetic was a passenger in a car driven by her husband northbound on Babbitt Road when, at its intersection with St. Clair Avenue, it was struck on the front passenger side by one operated by June Crowell who had failed to stop for the traffic signal. Mrs. Blazetic sustained significant personal injuries and Ms. Crowell's automobile liability carrier, State Farm Insurance Company, tendered to her its per person policy limit of $100,000.
 {¶ 3} On the date of the incident, both Blazetic and Mrs. Blazetic were employees of Enviro Strip Inc., which was a named insured under an automobile insurance policy issued by Cincinnati with single limit uninsured/underinsured motorist ("UIM") coverage ("UIM") of $500,000 per accident. When the Blazetics made Scott-Pontzer underinsured motorist claims[1] under that policy, Cincinnati filed a declaratory judgment action seeking a determination that its coverage did not apply because of an "other owned auto" exclusion in such coverage.
 {¶ 4} Each side moved for summary judgment. The judge determined that the policy language denied UIM coverage only to an insured using a vehicle owned by or regularly used by a named insured or relatives of such named insured. She found the Blazetics to be insureds but not named insureds, and that the Cincinnati policy provided them with UIM coverage but that Cincinnati was entitled to a set-off by what had been paid by Crowell's carrier. She granted summary judgment to the Blazetics and denied that of Cincinnati.
 {¶ 5} Cincinnati raised one assignment of error, set forth at Appendix A, that challenged UIM coverage for an automobile not specifically identified as insured under its policy, but we need not reach this issue because the newly released Westfield Ins. Co. v. Galatis[2]
controls our decision. The Ohio Supreme Court has limited the application of its Scott-Pontzer decision by holding that "a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."[3]
 {¶ 6} The parties had stipulated that neither of the Blazetics was acting within the course and scope of employment with Enviro Strip at the time of the loss[4] and, therefore, neither are UIM insureds under the Cincinnati policy. This assignment of error has merit, albeit for a different reason.[5]
 {¶ 7} Judgment reversed, judgment entered for Cincinnati and case remanded.
Ann Dyke and James J. Sweeney, J., concur.
 ASSIGNMENT OF ERROR "The trial court erred in finding that defendants-appellees wereentitled to uim coverage under the policy and further erred in findingexclusion C.5 contained in the Ohio uninsured motorist coverage-bodilyinjury endorsement to be ambiguous."
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116.
[2] (2003) 100 Ohio St.3d 1409, 2003-Ohio-5849.
[3] Id, syllabus 2.
[4] Stipulations at 16.
[5] Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93,551 N.E.2d 172.